**Form 149**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Nicholas Joseph Rodi**
    Debtor(s)

Bankruptcy Case No.: 17–22306–JAD
Issued Per Oct. 3, 2019 Proceeding
Chapter: 13
Docket No.: 67 – 64, 65
Concil. Conf.: at

### ORDER OF COURT CONFIRMING PLAN AS MODIFIED
### AND SETTING DEADLINES FOR CERTAIN ACTIONS

## *(1.)  PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated August 19, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☑   A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $4,211 as of October 2019. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐   B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐   C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐   D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐   E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐   F.     shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐   G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑   H.    Additional Terms: The claim of Ally Financial Lease Trust (Claim No. 2) is payable outside the plan by co–debtor.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty–eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty–eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021–1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

**(3.)    IT IS FURTHER ORDERED THAT:**

**A.**    After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**    Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**    Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**    Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**    The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**    In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

Dated: October 10, 2019

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 17-22306-JAD
Nicholas Joseph Rodi                                                      Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-2        User: jhel              Page 1 of 2          Date Rcvd: Oct 10, 2019
                           Form ID: 149            Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 12, 2019.
db           +Nicholas Joseph Rodi,    3038 Willowbrook Dr.,   Bridgeville, PA 15017-1591
cr           +Ally Financial,   Tucker Arensberg, P.C.,   c/o Brett A. Solomon, Esquire,   1500 One PPG Place,
              Pittsburgh, Pa 15222-5413
cr           +Township of South Fayette/South Fayette School Dis,    Goehring, Rutter, and Boehm,
              437 Grant Street, 14th Floor,   Frick Building,   Pittsburgh, PA 15219,
              UNITED STATES 15219-6101
14716651     +ALLIED CASH ADVANCE,   WILLIAMSON AND BROWN, LLC,   4691 CLIFTON PKWY,   HAMBURG, NY 14075-3201
14712208     +Cavalry SPV I, LLC,   Bass & Associates, P.C.,   3936 E. Ft. Lowell Road, Suite 200,
              Tucson, AZ 85712-1083
14637903     +Citibank,   P.O. Box 6500,   Sioux Falls, SD 57117-6500
14637904     +Gwen Rodi,   3038 Willowbrook Dr.,   Bridgeville, PA 15017-1591
14637905     +JP Morgan Chase Bank, NA,   Mail Code OH4-7384,   3415 Vision Drive,   Columbus, OH 43219-6009
14753888      JPMorgan Chase Bank, National Association,   c/o Chase Records Center,
              Attn: Correspondence Mail,   Mail Code LA4-5555,   Monroe, LA 71203
14674024     +Township of South Fayette/South Fayette SD,   Goehring, Rutter & Boehm,
              c/o Jeffrey R. Hunt, Esquire,   437 Grant Street, 14th Floor,   Frick Building,
              Pittsburgh, PA 15219-6101
14637906     +Union Plus Credit Card,   P.O. Box 30255,   Salt Lake City, UT 84130-0255

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14637900     +E-mail/Text: ally@ebn.phinsolutions.com Oct 11 2019 02:35:10    Ally,
              Payment Processing Center,   P.O. Box 9001951,   Louisville, KY 40290-1951
14647555      E-mail/Text: ally@ebn.phinsolutions.com Oct 11 2019 02:35:10    Ally Financial,
              PO Box 130424,   Roseville MN 55113-0004
14637901      E-mail/Text: ally@ebn.phinsolutions.com Oct 11 2019 02:35:10    Ally Financial,
              P.O. Box 380902,   Minneapolis, MN 55438-0902
14649428      E-mail/Text: ally@ebn.phinsolutions.com Oct 11 2019 02:35:10    Ally Financial Lease Trust,
              PO Box 130424,   Roseville, MN 55113-0004
14637902      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Oct 11 2019 02:40:32    Capital One Bank,
              P.O. Box 71083,   Charlotte, NC 28272-1083
14667054      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Oct 11 2019 02:39:50
              Capital One Bank (USA), N.A.,   PO Box 71083,   Charlotte, NC 28272-1083
14698940      E-mail/Text: JCAP_BNC_Notices@jcap.com Oct 11 2019 02:36:07    Jefferson Capital Systems LLC,
              Po Box 7999,   Saint Cloud Mn 56302-9617
14693701      E-mail/PDF: resurgentbknotifications@resurgent.com Oct 11 2019 02:51:27
              LVNV Funding, LLC its successors and assigns as,   assignee of Citibank, N.A.,
              Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
14708693      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 11 2019 02:40:36
              Portfolio Recovery Associates, LLC,   POB 12914,   Norfolk VA 23541
14637907     +E-mail/Text: bk@avant.com Oct 11 2019 02:36:17    Webbank,   c/o Avant,
              222 N. LaSalle St., Suite 1700,   Chicago, IL 60601-1101
                                                                                        TOTAL: 10


           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr            Ally Financial Lease Trust
cr            JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
                                                                            TOTALS: 2, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 12, 2019                               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

District/off: 0315-2          User: jhel              Page 2 of 2              Date Rcvd: Oct 10, 2019
                             Form ID: 149             Total Noticed: 21

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 10, 2019 at the address(es) listed below:
          Brett A. Solomon    on behalf of Creditor   Ally Financial bsolomon@tuckerlaw.com,
           agilbert@tuckerlaw.com
          David Z. Valencik    on behalf of Debtor Nicholas Joseph Rodi dvalencik@c-vlaw.com,
           cvlaw.ecf.dvalencik@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com;bhassain@c-vlaw.com;ssimmons@c-
           vlaw.com;mpeduto@c-vlaw.com;rfeil@c-vlaw.com
          James  Warmbrodt    on behalf of Creditor   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
           bkgroup@kmllawgroup.com
          Jeffrey R. Hunt    on behalf of Creditor   Township of South Fayette/South Fayette School District
           jhunt@grblaw.com,  cnoroski@grblaw.com
          Jillian Nolan Snider    on behalf of Creditor   Ally Financial Lease Trust jsnider@tuckerlaw.com,
           agilbert@tuckerlaw.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                       TOTAL: 7